MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Deputy City Attorney (SBN 163383)
A. PATRICIA URSEA, Deputy City Attorney (SBN 221637)
**SARA UGAZ,** Deputy City Attorney (SBN 239031)
200 N. Main Street, City Hall East, Rm. 675
Los Angeles, CA 90012
Telephone (213) 978-7564

Attorneys for Defendant CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENICE JUSTICE COMMITTEE, an unincorporated association; and PEGGY KENNEDY, an individual;<br><br>                    Plaintiffs,<br><br>            vs.<br><br>CITY OF LOS ANGELES; and DOES 1-10;<br><br>                    Defendants. | CASE NO: CV 16-01115-DDP (SSx)<br>[Assigned to Hon. Dean D. Pregerson, Courtroom 3]<br><br>**DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:  August 1, 2016<br>Time:  10:00 a.m.<br>Courtroom:  3<br><br>[Concurrently filed with Defendant's Request for Judicial Notice and [Proposed] Order] |

1

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2016 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 3 of the United States District Court, Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012-4701, Defendant City of Los Angeles will move the court to dismiss Plaintiffs' Complaint on the grounds that the Complaint cannot state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Los Angeles Municipal Code section 42.15 meets constitutional muster and Plaintiffs are not entitled to any of the relief they seek.

This motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 27, 2016.

DATED: June 6, 2016          MICHAEL N. FEUER, City Attorney
                             THOMAS H. PETERS, Chief Asst. City Attorney
                             SARA UGAZ, Deputy City Attorney


                             By:  __/s/ Sara Ugaz_____
                                   SARA UGAZ
                                   Deputy City Attorney
                                   Attorneys for Defendant
                                   CITY OF LOS ANGELES

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

INTRODUCTION ...................................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 3

I.      Venice Beach Boardward ............................................................................... 3

II.     Los Angeles Municipal Code Section 42.15 and Related Litigation ..................... 3

III.    Plaintiffs' Alleged Activity on The Boardwalk.................................................... 5

LEGAL STANDARD................................................................................................. 6

ARGUMENT ........................................................................................................... 7

I.      Plaintiffs Fail To State A Claim Because LAMC §42.15 Does Not Prohibit Them
        From Engaging In "Expressive Activity" Or Soliciting Donations. ....................... 7

        A. LAMC §42.15 Does Not Prohibit "Expressive Activity" Anywhere On the
           Boardwalk At any Time.......................................................................... 7

        B. LAMC §42.15 Does Not Prohibit the Solicitation of Donations Anywhere on
           the Boardwalk at Any Time…………………………………………………8

II.     As This Court Held in *Dowd v. City of Los Angeles*, The Sunset Provision in
        LAMC §42.15 Is Constitutional. ................................................................... 10

III.    Plaintiffs Fail To State A Claim Under The Bane Act Because The LAPD
        "Threats" Were No More Than Enforcement Of A Valid Ordinance................... 14

IV.     Plaintiffs Are Not Entitled To The Equitable Remedies They Seek Because Their
        Prayer For Relief Is Based On A Misinterpretation Of The Ordinance................ 16

CONCLUSION...................................................................................................... 16

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF AUTHORITIES

**Cases**

*Allen v. City of Sacramento*, 234 Cal.App.4th 41 (2015) ................................. 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................ 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007) ........................... 6

*Dowd v. City of Los Angeles*, 2013 U.S. Dist. LEXIS 111435 (August 7, 2013) ... passim

*Edgerly v. City & County of San Francisco*, 599 F.3d 946 (9th Cir. 2010) .................. 13

*G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064 (9th Cir. 2006) ..................... 12

*Gant v. City of L.A.*, 765 F. Supp. 2d 1238 (C.D. Cal. 2011) ........................... 15

*Hill v. Colorado*, 530 U.S. 703 (2000) ........................................................ 11

*Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015) ........................... 14

*Mack v. South Bay Beer Distribs.*, 798 F.2d 1279 (9th Cir. 1986) ....................... 6

*Native Village of Noatak v. Blatchford*, 38 F.3d 1505 (9th Cir. 1994) ......................... 16

*Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010) ............. 15

*Schneider v. Amador Cnty.*, 2013 U.S. Dist. LEXIS 32546 (E.D. Cal. Mar. 8, 2013) .... 6

*Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 959 (2012) ........................... 14

*Telesaurus VPC, LLC v. Power*, 623 F.3d 998 (9th Cir. 2010) ................................. 15

*United States v. Washington*, 759 F.2d 1353 (9th Cir. 1985) ........................... 16

*Ward v. Rock Against Racism*, 491 U.S. 781 (1989) ................................. 11

**Statutes**

28 U.S.C. § 2201 ................................................................................ 16

Cal. Civ. Code § 52.1 ........................................................................ 14

**Other Authorities**

LAMC §42.15 .......................................................................... passim

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs Peggy Kennedy and Venice Justice Committee (collectively "Plaintiffs") challenge the constitutionality of Los Angeles Municipal Code ("LAMC") section 42.15, an ordinance through which Defendant City of Los Angeles ("City") regulates the time, place, and manner of certain speech-related activities on the Venice Beach Boardwalk ("Boardwalk").  The action arises from two incidents during which officers from the Los Angeles Police Department ("LAPD") allegedly threatened to cite Plaintiffs for violating LAMC §42.15 when Plaintiffs set up a table in a Designated Space[1] after sunset to distribute literature and solicit donations for political causes. (Complaint at ¶ 25, lines 1-2, ¶ 26, lines 11-17, ¶ 30, lines 8-14.)  LAMC §42.15 prohibits the setting up of tables in Designated Spaces after sunset.  (Defendant's Request for Judicial Notice ("RJN"), Ex. 1, LAMC §42.15 (E)(9).)

Plaintiffs allege that LAMC §42.15 is unconstitutional because (a) it "prohibit[s] all core political speech on the Boardwalk after sunset" (Complaint, "Prayer for Relief" at ¶ 3, lines 12-14) and (b) its restrictions on "vending" unlawfully apply to "requesting donations to support core political activity." (*Id.* at ¶ 2.)  Plaintiffs bring claims under 42 U.S.C. §1983; Article I of the California Constitution, §§2, 3; and California Civil Code §52.1 ("Bane Act").

Plaintiffs misread the ordinance.  First, LAMC §42.15 does *not* prohibit "core political speech" on the Boardwalk, regardless of the time of day or the content of the message.  Rather, "[p]ersons can engage in traditional expressive speech and petition activities" on the Boardwalk at any time,[2] including after sunset.  (*See* RJN, Ex. 1,

---

[1]  "Designated Spaces," are 205 marked spaces on the west side of the Boardwalk.  (*See* RJN, Ex. 1, LAMC §42.15 (A)(4).)

[2] As used in this motion, the phrase "at any time" applies only to the hours the Boardwalk is open.  Plaintiffs do not challenge the closure times of the Boardwalk.

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

LAMC §42.15(D) and §42.15(F).)  Second, LAMC §42.15 does *not* prohibit the solicitation of donations on the Boardwalk, regardless of the time of day or the cause. Nor does it equate soliciting donations with "vending", which is defined as requiring someone to pay a fee *before* providing food, goods, or merchandise.  (*See id.*, LAMC §42.15(A)(20).)  The only activity LAMC §42.15 prohibits that is relevant to this action—which Plaintiffs expressly admit they engaged in—is to "set up or set down items in . . . a Designated Space between Sunset and 9:00a.m." (*Id.*, LAMC §42.15(E)(9) (the "Sunset Provision").)  Thus, the only question before this Court is whether the Sunset Provision is constitutional.

This Court has already answered that question.  In *Dowd v. City of Los Angeles*, 2013 U.S. Dist. LEXIS 111435 (C.D. Cal., Aug. 7, 2013), a case brought by "street performers who engage[d] in traditional expressive speech," this Court held that the Sunset Provision in the 2008 version of LAMC §42.15, which banned all activities in Designated Spaces[3] after sunset, was a content-neutral reasonable time place manner restriction.  *Id.* at *39-40, (RJN, Ex. 2).  The same conclusion should apply here because the present version of the Sunset Provision is identical to the 2008 version with one exception—it is even *less* restrictive in that it bans only certain specified activities (*e.g.*, the setting up or taking down of equipment), not *all* activities like its 2008 predecessor.  Plaintiffs do not contend that *Dowd* was incorrectly decided or allege any facts that would render this Court's analysis in *Dowd* inapplicable to this action.  Thus, the Court should reach the same conclusion here that it did in *Dowd*, and dismiss the Complaint.

---

[3] In the 2008 version of the Ordinance, the areas that are now called Designated Spaces were divided into zones:  the P-Zone for performance, expression, and vending of certain expressive items; and the I-Zone for all P-Zone activities plus vending of additional items that were "inextricably intertwined" with the vendor's message.  (RJN, Ex. 2; *Dowd*, 2013 U.S. Dist. LEXIS at *5-6; *see also* RJN, Ex. 3, Ordinance No. 179807, §42.15(B)-(C).)

2

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**STATEMENT OF FACTS**

## I.    Venice Beach Boardwalk

The Boardwalk is a major tourist attraction in the City of Los Angeles, hosting 16 million tourists each year.  (RJN, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *2; *see also* RJN, Ex. 1, LAMC §42.15(B)(1).)  Historically, visitors and tourists have been drawn to the Venice Beach area and the Boardwalk for its performance and visual artists, as well as other free speech activity.  (*Id.*, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *2; *see also* Ex. 3, Ordinance No. 179807, §42.15(A).)  The Boardwalk, which is only 2.5 miles long and 10 to 50 feet wide, is located in a narrow, linear park that is bounded by the beach and the Pacific Ocean to the west and commercial businesses and private property/residences to the east.  (*Id.*, Ex. 1, LAMC §42.15(B)(1); *see also* Ex. 3, Ordinance No. 179807, §42.15(A).)  The Boardwalk also serves as an emergency ingress and egress route.  (*Id.*; RJN, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *4; *see also* Ex. 3, Ordinance No. 179807, §42.15(A).)

## II.    Los Angeles Municipal Code Section 42.15 and Related Litigation

In 2004, the City passed LAMC §42.15, which imposed time place manner regulations on certain activities on the Boardwalk, including performing, petitioning, and vending.  The main purpose of the ordinance was (and continues to be) to preserve the unique historic character of the Boardwalk as a center of performance, art, and other free speech activity, preserve its status as a tourist attraction, protect the local merchant economy, and ensure the safety and enjoyment of residents, visitors, advocates, artists, performers, and vendors alike.  (RJN, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *2-3, *22; *see also* Ex. 1, LAMC §42.15(B)(2)-(4).)

Partly in response to First Amendment challenges,[4] the City amended LAMC §42.15 on several occasions, including in 2006, 2008, 2012, and 2014.  Most recently,

---

[4] *See, e.g.*, *Hunt v. City of Los Angeles*, 601 F. Supp. 2d 1158, 1170-72 (C.D. Cal. 2009); *Hunt v. City of L.A.*, 638 F.3d 703, 716, 718 (9th Cir. 2011).

3

this Court considered the constitutionality of the 2008 version of LAMC §42.15 in *Dowd*, 2013 U.S. Dist. LEXIS at *2-8 (C.D. Cal. Aug. 7, 2013).  (RJN, Ex. 2.)  The 2008 version regulated the Boardwalk by dividing the Designated Spaces into zones (*see* fn. 4) and imposed a lottery system for space allocation.  (RJN, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *5-6; *see also* Ex. 3, Ordinance No. 179807, LAMC §42.15(A)(2)-(C).)  Importantly, the 2008 version of LAMC §42.15 also contained a Sunset Provision that stated: "No person shall set up or take down or use a designated space between sunset and 9:00 a.m."  (*Id.*, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *5-6, Ex. 3, Ordinance No. 179807, LAMC §42.15(G)(2)(f).)  In *Dowd*, this Court upheld as constitutional numerous provisions of the 2008 ordinance, including the Sunset Provision.  (*Id.*, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *39-40.)

LAMC §42.15 was most recently amended in 2014.  Like its 2008 predecessor, it divides the Boardwalk into areas—(1) Designated Spaces on the west side of the Boardwalk; (2) undesignated spaces on the west side of the Boardwalk; and (3) an undesignated area on the east side of the Boardwalk.  (*See id.*, Ex. 1, LAMC §42.15(E)-(F).)[5]

In Designated Spaces, "[p]ersons can engage in traditional expressive speech and petitioning activities, and can Vend[6] the following expressive items:  newspapers,

---

[5] In addition to these three areas, there are also "Pagodas" and the "Recreation Area," as to which there are special restrictions under the ordinance.  (*See* RJN, Ex. 1, LAMC §42.15(A)(10), (18) (defining Pagodas and Recreation Area).)  Plaintiffs do not allege that they tried engage in expressive activities in those areas on the Boardwalk, and do not challenge those restrictions.  The term "Boardwalk" in this motion refers only to the three (designated and undesignated) areas described above.

[6] Vending" is defined as: "[t]o sell, offer for sale, expose or display for sale, solicit offers to purchase, or to barter Food, Goods or Merchandise, or services in any area from a stand, table … or to require someone to pay a fee or to set, negotiate, or establish a fee before providing Food, Goods or Merchandise,[6] or services, even if characterized by the Vendor as a Donation."  (*Id.*, LAMC §42.15(A)(12)).

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

leaflets, pamphlets, bumper stickers, patches, and/or buttons" and engage in other expressive activities not relevant here.  (*Id.*, LAMC §42.15(D).)  Like its 2008 predecessor, the 2014 version also includes a Sunset Provision for Designated Spaces, but rather than prohibiting all activity, it now prohibits only "set[ting] up or set[ting] down items in, tak[ing] down items from or block[ing], or attempt[ing] to reserve a Designated Space between Sunset and 9:00 a.m."  (*Id.*, LAMC §42.15(E)(9).)

In the undesignated spaces on the west side of the Boardwalk, a person may engage in all the same activities as in Designated Spaces, except vending, and may "set up a display table, easel, stand, equipment or other furniture . . . subject to reasonable size and height restrictions  . . . provided the equipment or activity associated with the equipment does not materially impede or obstruct pedestrian or vehicular traffic or areas designed for emergency ingress or egress."  (*Id.*, LAMC §42.15(F)(1)(b).)

In the undesignated area on the east side of the Boardwalk, a person may engage in all the same activities as in Designated Spaces but may not "set up a display table, easel, stand, equipment or other furniture, use a Pushcart or other vehicle" at any time.  (*Id.*, LAMC §42.15(F)(1)(a).)

## III.    Plaintiffs' Alleged Activity on The Boardwalk

Plaintiffs' action is based on two alleged incidents on the Boardwalk in 2015.  According to the Complaint, on February 2, 2015, Plaintiffs set up a table in a Designated Space after sunset to obtain petition signatures, collect donations, and distribute informational leaflets for Plaintiff Venice Justice Committee, a civil rights organization.  (Complaint at ¶ 24, lines 22-26; ¶ 25, lines 27-28.)  Two LAPD officers allegedly approached Plaintiffs and informed them that they could not "vend" in Designated Spaces after sunset, (*id.* at ¶ 25, lines 1-2), to which Plaintiffs allegedly responded that they were "not selling or vending anything" (*id.* at ¶ 25, lines 3-5).  According to Plaintiffs, the LAPD officers "threatened [Plaintiffs] with a citation."  (*Id.*

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

at ¶ 26, lines 6-14.)  Although it is not clearly alleged, Plaintiffs apparently left the Designated Space to avoid receiving a citation.  (*Id.* at ¶ 26, lines 14-17.)

On September 25, 2015, Plaintiffs allegedly again set up a table in a Designated Space.  Plaintiffs allege that approximately 15 minutes after sunset, two LAPD officers approached, informed Plaintiffs that they were in violation of LAMC §42.15, but advised Plaintiffs that they could still collect signatures and donations and distribute leaflets "if [they] kept moving, walking up and down the middle of the Boardwalk." (*Id.* at ¶ 30, lines 8-13.)  To avoid a citation, Plaintiffs left the Designated Space, but chose not to walk up and down the Boardwalk to continue soliciting donations.  (*Id.* at ¶ 30, lines 13-16.)

## LEGAL STANDARD

A court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff fails to allege sufficient facts to state a claim that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories."  *Schneider v. Amador Cnty.*, 2013 U.S. Dist. LEXIS 32646, *11 (E.D. Cal. Mar. 8, 2013), citing *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a motion to dismiss, courts may also consider matters of public record and facts which may be judicially noticed.  *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# ARGUMENT

## I. Plaintiffs Fail To State A Claim Because LAMC §42.15 Does Not Prohibit Them From Engaging In "Expressive Activity" Or Soliciting Donations.

LAMC §42.15 does not prohibit any of the activities in which Plaintiffs seek to engage. According to the Complaint, Plaintiffs wish to do three things after sunset: (1) "inform the public," (2) "solicit donations on the Boardwalk," and (3) "table." (Complaint at ¶ 35, lines 17-18.) As to the first two activities—informing the public and soliciting donations—Plaintiffs are free to do those activities anywhere on the Boardwalk after sunset. Both of Plaintiffs' misconceptions about the ordinance are discussed further below.

The only activity in which Plaintiffs wish to engage that LAMC §42.15 restricts after sunset is to "table." But, as discussed in Section II below, those restrictions are limited and constitutional. Plaintiffs may set up tables in Designated Spaces between 9:00 a.m. and sunset. (RJN, Ex. 1, LAMC §42.15(E)(9).) Plaintiffs may also set up tables, subject to certain size and space limitations, in the undesignated spaces on the west side of the Boardwalk at any time, including after sunset. (*Id.*, LAMC §42.15(F)(1)(b).)

### A. LAMC §42.15 Does Not Prohibit "Expressive Activity" Anywhere On The Boardwalk At Any Time.

Plaintiff is incorrect that LAMC §42.15 "prohibit[s] all core political speech on the Boardwalk after sunset." (Complaint, "Prayer for Relief" at ¶ 3, lines 12-14.) In fact, the ordinance expressly states that anyone can engage in free expression, anywhere on the Boardwalk, at any time. Subsection (D)(1) of the ordinance states, in relevant part, that "[p]ersons can engage in traditional expressive speech and petitioning activities, and can Vend the following expressive items: newspapers, leaflets, pamphlets, bumper stickers, patches and/or buttons." (RJN, Ex. 1, LAMC §42.15 (D)(1).) The Sunset Provision, which applies only to Designated Spaces, does not

7

affect a person's ability to engage in any of these activities after sunset, because it regulates only certain conduct, not speech. It states that "[n]o person shall set up or set down items in, take down items from or block, or attempt to reserve a Designated Space between Sunset and 9:00 a.m." (*Id.*, LAMC §42.15(E)(9).)

Subsection (F)(1)(a), which applies to "Areas Outside of the Designated Spaces," provides that "the activities that are [permitted in Designated Spaces] may occur . . . outside the Designated Spaces." (*Id.*, LAMC §42.15(F)(1)(a).) Subsection (F)(1)(b) likewise provides that "[t]he activities that are [permitted in Designated Spaces], but not vending, may occur on the Westside of the Boardwalk outside the Designated Spaces." (*Id.*, LAMC §42.15(F)(1)(b).) These subsections impose certain restrictions, not on speech, but on the equipment that can be used in these undesignated areas: "a Person may set up a display table, easel, stand, equipment or other furniture, a Pushcart or other vehicle, or place an item on the ground . . . subject to reasonable size and height restrictions . . . provided the equipment . . . does not materially impede or obstruct pedestrian or vehicular traffic or areas designated for emergency ingress or egress." (*Id.*) Importantly, the Sunset Provision does not apply to the Areas outside the Designated Spaces.

As these provisions make clear, LAMC §42.15 does not prohibit core political speech on the Boardwalk after sunset. Rather, all of the "expressive activity" that Plaintiffs wish to engage in is permitted on the Boardwalk at any time. Because the fundamental premise of Plaintiffs' Complaint is erroneous, dismissal is proper.

## B.   LAMC §42.15 Does Not Prohibit The Solicitation Of Donations Anywhere On The Boardwalk At Any Time.

Plaintiff is also incorrect that LAMC §42.15 "equate[s] 'soliciting' for political donations with 'vending'." (Complaint at ¶ 33, lines 4-6; "Prayer for Relief" at ¶ 3, lines 11-14.) The concepts are entirely distinct under the ordinance, and only "vending" is prohibited at certain times in certain places. The ordinance defines "vending" in relevant part as "requir[ing] someone to pay. . . a fee *before* providing . . . Merchandise

8

. . . even if characterized by the Vendor as a Donation." (RJN, Ex. 1, LAMC §42.15 (A)(20) (emphasis added).)   In contrast, the ordinance defines "Donation" as "[a] gift; a voluntary act *which is not required and does not require anything in return*." (*Id.*, LAMC §42.15(A)(6) (emphasis added).)  As the inclusion of the term "before" in the definition of "vending" makes clear, "vending" applies to instances where a person makes the distribution of merchandise conditional upon receipt of a fee or donation. The solicitation of donations is not "vending" under the plain meaning of the ordinance.

Thus, although LAMC §42.15 does impose certain restrictions on vending, those restrictions are not relevant here.  Under the ordinance, Plaintiffs are free to distribute their literature and solicit donations, so long as they do not make the former conditional upon the latter.  Further, based on the allegations in the Complaint, Plaintiffs have not vended, and apparently do not wish to vend, anything.  (*See* Complaint at ¶ 25, lines 3-5 ("[Plaintiffs] were not selling or vending anything"), ¶ 29, lines 2-7 ("[Plaintiffs] did not provide any food, goods, merchandise, or services in exchange for any donations [they] received]"). [7]  Because the ordinance does not equate soliciting donations with vending, Plaintiffs are not entitled to the relief they seek in their Complaint.

---

[7] Even if the vending regulations were relevant, they are reasonable time place manner restrictions.  In *One See One World One Family Now v. City & County of Honolulu*, 76 F.3d 1009, 1015-16 (1996), the Ninth Circuit held that a complete ban on the sale of merchandise in Honolulu, including merchandise that reflected philosophical ideas, was constitutional because it was "content-neutral, narrowly tailored to serve substantial interests throughout Waikiki, and leaves ample alternative channels of communication." *Id.* at 1016.  Notably, the Ninth Circuit agreed that "[c]ities have a substantial interest in protecting the aesthetic appearance of their communities by 'avoiding visual clutter'", and "in assuring safe and convenient circulation on their streets." *Id.* at 1013.  If such interests justify a total ban, then certainly placing a limited time restriction on certain activities in certain portions of the Boardwalk is constitutional.

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**II.     As This Court Held in *Dowd v. City of Los Angeles*, The Sunset Provision in LAMC §42.15 Is Constitutional.**

To the extent that Plaintiffs are alleging that LAMC §42.15 prohibits them from "tabling" on the Boardwalk, they are again incorrect.  As described in Section I.A. above, Plaintiffs can set up tables on the Boardwalk—either in the Designated Spaces from 9:00 a.m. until sunset, or in undesignated spaces of the Boardwalk at any time, so long as they abide by the size, height, and ingress/egress restrictions.  (RJN, Ex. 1, LAMC §42.15(E)(9), (F)(1).)

In *Dowd*, this Court ruled that the Sunset Provision in the 2008 version of LAMC §42.15, which prohibited all activity in designated spaces between Sunset and 9:00 a.m., was a reasonable time place manner restriction.  (RJN, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *39-40.)  This Court further held that a provision in the 2008 version of LAMC §42.15 that placed limitations on the equipment that could be used on the Boardwalk so that, for example, "performers accustomed to performing from ladders are unable to do so," was a valid time place manner restriction.  (*Id.* at *36-38.) These same conclusions should apply to the current version of the Sunset Provision, which is identical in all respects except one—it is *less* restrictive than its predecessor. Unlike the 2008 version, which prohibited *all* activity in designated spaces, the present version of the Sunset Provision prohibits only (a) the setting up or taking down of items (such as tables); (b) blocking of the designated spaces (for example, from pedestrian traffic and the City's emergency response teams); and (c) attempting to reserve the space for use the following day.  (*See* RJN, Ex. 1, LAMC §42.15(E)(9).)

Plaintiffs do not challenge the soundness of the Court's conclusions in *Dowd*. And for good reason—*Dowd* correctly held that the Sunset Provision is constitutional. It is well-settled that in a public fora, the government may impose reasonable time place manner restrictions on protected speech so long as those limits are content neutral, "narrowly tailored to serve a significant governmental interest" and "leave open ample alternative channels for communication of the information."  *Ward v. Rock Against*

10

*Racism*, 491 U.S. 781, 791 (1989) (internal quotation marks omitted).  The Sunset Provision in the 2014 ordinance, as in the 2008 ordinance, satisfies this test.

First, the Sunset Provision is content neutral because "[n]one of the characteristics an officer must consider [in enforcing the provision] is based in the subject matter of the message … the message conveyed is immaterial."  (RJN, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS 111435 at *20-21.)  This conclusion is consistent with binding precedent.  *See, e.g., Hill v. Colorado*, 530 U.S. 703, 719 (2000) (finding that a Colorado statute making it unlawful to distribute leaflets within 100 feet of a health care facility's entrance was content neutral because "it was not a regulation of speech [but] [r]ather a regulation of the places where some speech may occur" and "appl[ies] equally to all demonstrators, regardless of viewpoint.")

Second, the provision is narrowly tailored to serve significant government interests.  In *Dowd*, this Court concluded that the Sunset Provision satisfied this factor because the provision served "to ensure the Boardwalk is clean and safe for the crowds of people that will visit the following day."  (RJN, Ex. 2, *Dowd,* 2013 U.S. Dist. LEXIS at *40 (internal quotations omitted).)  The health and safety issues articulated in the 2014 version of LAMC §42.15 likewise serve a significant government interest.  As explained in the Findings and Purposes, the Sunset Provision is necessary because without a prohibition on continuous use of the Designated Spaces, "[n]umerous altercations occurred, in completion for locations and amounts of space. . . Frequently the altercations became violent requiring law enforcement response to preserve the public peace."  (RJN, Ex. 1, LAMC §42.15(B)(4)(b).)  As further explained:

> Unregulated, the Boardwalk became a place where only the strongest earliest arrivals could secure space to exercise their rights of free expression without threat of intimidations.  Regulation, is necessary, therefore, to manage the use of the limited space on the boardwalk to prevent conflicting claims for the space and to allocate the limited space available fairly to all who desire to use it for lawful purposes.

(*Id.*)

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Finally, just as the Court concluded in *Dowd*, there remain ample alternative channels of communication available for Plaintiffs to conduct the activities they wish. (RJN, Ex. 2, *Dowd*, 2013 U.S. Dist. LEXIS at *27-28.)  For example, at any time, on any part of the Boardwalk, Plaintiffs could walk around and communicate their message, distribute their literature, and solicit donations.  They could even set up a table to perform these activities, at any time, in the undesignated spaces on the west side of the Boardwalk, so long as the table was a "reasonable size and height" and did not "materially impede or obstruct pedestrian or vehicular traffic or areas designed for emergency ingress and egress."  (RJN, Ex. 1, LAMC §42.15(F)(1)(b).)  And as discussed, before sunset, Plaintiffs could perform all of these activities at a table in Designated Spaces.

Because there are numerous alternative avenues available for Plaintiffs to disseminate their message, the Sunset Provision is a reasonable time place manner restriction.  *See, e.g., Int'l Soc'y for Krishna Consciousness of California, Inc. v. City of L.A.*, 764 F.3d 1044, 1053 (9th Cir. 2014) (finding the ordinance was a reasonable time place manner restriction because it permitted "numerous other forms of communication," including solicitation of "future donations online or via preaddressed envelopes" and spreading the word to passersby); *G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064, 1074-75 (9th Cir. 2006) (holding a restriction on pole signs was constitutional because it allowed ample alternatives for communication, including through "handbills, radio, television, newspaper or telemarketing", as well as through "wall signs, monument signs, awning and canopy signs, blade signs and overhanging signs"); *One World One Family Now*, 76 F.3d at 1014-15 (9th Cir. 1996) (concluding Honolulu's ordinance was constitutional because it allowed plaintiffs "to disseminate and seek financial support for their views through 'myriad and diverse' alternative channels, such as handing out literature, proselytizing or soliciting donations" and "[n]othing prevent[ed] plaintiffs here from reaching their intended audience").

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Furthermore, Plaintiffs do not allege any facts that would make the Court's conclusions in *Dowd* inapplicable to them.  First, that Plaintiffs claim to be engaging in "core political speech" does not affect the analysis.  *See, e.g.*, *Long Beach Area Peace Network v. City of Long Beach*, 522 F.3d 1010, 1020-23 (9th Cir. 2008) (holding that portions of an ordinance preventing protests were reasonable time place manner restrictions, even when applied to political speech in a public forum).  Indeed, the lead plaintiff in *Dowd*, Matthew Dowd, likewise alleged that he was "a political activist and often intertwines political messages with his music during a street performance."  (RJN, Ex. 4, Complaint filed in *Dowd v. City Los Angeles*, ¶ 7.)

Second, it is irrelevant, even if true as alleged, that the LAPD officers referenced an incorrect provision of LAMC §42.15 (*i.e.*, the prohibition on vending), when threatening to cite Plaintiffs for violating the ordinance.  (*See* Complaint at ¶ 26 (alleging that the LAPD officers told Plaintiffs that they "were illegally 'vending after sunset' in violation of LAMC").)  Regardless of the specific statements they made to Plaintiffs at the time, the officers were legally justified in threatening to cite the Plaintiffs because, as expressly admitted in their Complaint, Plaintiffs violated the Sunset Provision of LAMC §42.15 by setting up a table in a Designated Space after sunset.  (Complaint at ¶ 24, lines 22-24; ¶ 27, lines 18-20.)  *See, e.g., Edgerly v. City & County of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010) (holding that arrest was justified even though police cited the wrong provision of the Penal Code because "probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest").

Because this Court correctly held in *Dowd* that the Sunset Provision in LAMC §42.15 is constitutional, and because Plaintiffs have failed to allege any facts that would make the holding in *Dowd* inapplicable here, the Complaint should be dismissed.

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

### III.   Plaintiffs Fail To State A Claim Under The Bane Act Because The LAPD "Threats" Were No More Than Enforcement Of A Valid Ordinance.

Plaintiffs' claim under the Bane Act fails because the Complaint does not establish either of the two required elements: (1) "intentional interference with a state or federal constitutional or legal right" and (2) "the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015), citing *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998).  The Bane Act was "intended to address only egregious interference with constitutional rights [. . .] [t]he act of interference [. . .] must be deliberate or spiteful." *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 959 (2012).  Here, Plaintiffs' factual allegations fall far short of the "egregious interference with constitutional rights" required under the Bane Act.

The Complaint fails to satisfy the first element of the Bane Act test because, for the reasons described above, Plaintiffs' constitutional rights were not violated by the LAPD's actions to enforce LAMC §42.15's Sunset Provision.  Accordingly, Plaintiffs cannot show that there was an "intentional interference with a state or federal constitutional or legal right."  Cal. Civ. Code § 52.1(a).

The Complaint likewise fails to satisfy the second element of the Bane Act test. LAPD officers did not employ "threats, intimidation, or coercion," as those terms are used in the Bane Act, by warning Plaintiff that they would enforce a LAMC ordinance and issue a citation.  Whether the officers properly threatened to enforce the ordinance is immaterial, because even a "wrongful arrest or detention, without more, does not satisfy [the Bane Act]." *Allen*, 234 Cal.App.4th at 69.  Here, a citation was not issued at all.  In *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015), the Ninth Circuit adopted the state courts' findings that the Bane Act requires a plaintiff to establish threats, coercion, or intimation "beyond the coercion inherent in a detention or search." *Id.*  The operative test for determining whether the officers engaged in "threatening or coercive conduct" is "whether a reasonable person, standing in the shoes

14

of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." *Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010) (citing *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1289-90 (9th Cir. 2001) (officer's act of kicking in a door, using a taser and screaming at plaintiff was sufficiently coercive). A warning does not satisfy the second prong of the Bane test. *See Allen*, 234 Cal. App. 4th at 66 (holding there was no Bane Act violation where the complaint alleged only a threat of arrest and confiscation of property by the police officer); *Gant v. City of L.A.*, 765 F. Supp. 2d 1238, 1253-54 (C.D. Cal. 2011) (finding that "a wrongful arrest and detention, without more, cannot constitute 'force, intimidation, or coercion' for purposes of [the Bane Act]" because Plaintiffs had failed to establish that police used force, intimidation, or coercion in his wrongful arrest), *rev'd* in part on other grounds, 772 F.3d 608 (9th Cir. 2014).

Here, although Plaintiffs allege that the LAPD officers "used threats of citation or arrest and intimidation to coerce Plaintiffs to forego [their] rights," this bald legal conclusion is not supported by the factual allegations. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (stating that courts should "disregard threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). Factually, Plaintiffs allege only that the LAPD officers "informed [Plaintiffs] that [they] could not 'vend' after sunset," (Complaint at ¶ 25, lines 1-5), "told [Plaintiffs] that [they] could only engage in expressive activity on the Boardwalk, including collecting petition signatures and passing out flyers, if [they] kept moving, walking up and down the middle of the Boardwalk," (*Id.* at ¶ 30, lines 10-13), and "threatened [Plaintiffs] with a citation unless she acquiesced" (*Id.*). None of these allegations amount to "coercion or a threat of violence" under the Bane Act.

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**IV.    Plaintiffs Are Not Entitled To The Equitable Remedies They Seek Because Their Prayer For Relief Is Based On A Misinterpretation Of The Ordinance.**

As explained above, Plaintiffs misinterpret LAMC §42.15.  This misinterpretation is most clearly exemplified in Plaintiffs' Prayer for Relief, in which Plaintiffs request that the Court issue: (1) "an injunction enjoining the City of Los Angeles from enforcing 'sunset provisions' in LAMC §42.15 prohibiting all core political speech on the Boardwalk after sunset" (Complaint, "Prayer for Relief" at ¶ 3) and (2) "a declaration that requesting donations to support core political activity does not constitute as vending [under LAMC §42.15]" (*id.* at ¶ 2).[8]

Plaintiffs are not entitled to the relief they seek because, as explained above, LAMC §42.15 does not prohibit "all core political speech" after sunset and does not equate requesting donations with vending.  "A federal court has no jurisdiction to hear a case that cannot affect the litigants' rights." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994); *see also United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985); 28 U.S.C. § 2201.  Also, a court should deny declaratory relief where it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *Washington*, 759 F.2d at 1356-57.  For these reasons too, the Court should dismiss the Complaint.

## CONCLUSION

For all of the above reasons, and for any reasons that may arise at a hearing on this matter, the Complaint should be dismissed for failure to state a claim.  Accordingly, the City respectfully requests that the City's Motion to Dismiss be granted.

---

[8] Plaintiffs also request that the Court issue a declaration that their constitutional rights were violated.  (Complaint, "Prayer for Relief" at ¶ 1.)

16

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1   DATED: June 6, 2016            MICHAEL N. FEUER, City Attorney
2                                  THOMAS H. PETERS, Chief Asst. City Attorney
3                                  SARA UGAZ, Deputy City Attorney

4                                  By:   __/s/ Sara Ugaz_____
5                                        SARA UGAZ
6                                        Deputy City Attorney
7                                        Attorneys for Defendant
                                         CITY OF LOS ANGELES
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17

**DEFENDANT CITY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**