MICHAEL N. FEUER, City Attorney (SBN 111529)
SCOTT MARCUS, Senior Assistant City Attorney (SBN 184980)
SARA UGAZ, Deputy City Attorney (SBN 239031)
200 North Main Street, 6th Floor, Business & Complex Litigation
Los Angeles, California 90012
Tel: (213) 978-7564
Fax: (213) 978-7011
Email: Sara.Ugaz@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENICE JUSTICE COMMITTEE, an unincorporated association; and PEGGY KENNEDY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, and DOES 1-10,<br><br>Defendants. | CASE NO.: 2:16-cv-01115-DDP-SS<br><br>Complaint Filed: February 17, 2016<br><br>DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL |

Defendant CITY OF LOS ANGELES ("Defendant") hereby responds to the Complaint of Plaintiffs Peggy Kennedy and the Venice Justice Committee ("Plaintiffs") as follows:

1. Defendant states the allegations in paragraph 1 are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and, therefore, they are denied on that basis.

2. Defendant states the allegations in paragraph 2 are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and, therefore, they are denied on that basis.

3. Defendant states the allegations in paragraph 3 are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and, therefore, they are denied on that basis.

4. Answering paragraph 4, Defendant admits that the Venice Beach Boardwalk is a traditional public forum for free speech activity, but generally and specifically deny each and every other material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Los Angeles Municipal Code section 42.15 ("Section 42.15") prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to those allegations.

5. Answering paragraph 5, Defendant admits that Section 42.15 regulates vending and performing on the Venice Beach Boardwalk, but generally and specifically deny each and every other material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to those allegations.

6. Answering paragraph 6, Defendant admits that subsection (E)(9) of Section 42.15 prohibits "set[ting] up or set[ting] down items in, tak[ing] down items from or block[ing], or attempt[ing] to reserve a Designated Space between Sunset and 9:00 a.m.," but generally and specifically deny each and every other material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. Thus, no responsive pleading is necessary with regard to those allegations.

7. Answering paragraph 7, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 7, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein.

8. Answering paragraph 8, Defendant admits that the Venice Beach Boardwalk is a traditional public forum for free speech activity, but lacks sufficient information and belief to admit or deny every other allegation in paragraph 8, and therefore Defendant generally and specifically denies each and every other material allegation of fact asserted therein.

9. Answering paragraph 9, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 9, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to those allegations.

10. Answering paragraph 10, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 10, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein.

11. Answering paragraph 11, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 11, and therefore Defendant generally

and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to those allegations.

12. Answering paragraph 12, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 12, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to those allegations.

13. Answering paragraph 13, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 13, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to those allegations.

14. Answering paragraph 14, Defendant admits that it is, at all times relevant herein, a municipal entity duly organized under the laws of the State of California, with the capacity to sue and be sued. Defendant further admits that the LAPD is a subdivision of the City of Los Angeles. Except as expressly admitted, Defendant denies generally and specifically each and every other remaining allegation of paragraph 14. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to those allegations.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

1         15.    Answering paragraph 15, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of the allegations contained in paragraph 15.

       16.    Answering paragraph 16, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of the allegations contained in paragraph 16.

       17.    Answering paragraph 17, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of the allegations contained in paragraph 17.

       18.    Answering paragraph 18, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of the allegations contained in paragraph 18.

       19.    Answering paragraph 19, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of the allegations contained in paragraph 19.

       20.    Answering paragraph 20, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed

Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of the allegations contained in paragraph 20.

21.     Answering paragraph 21, Defendant admits that subsection (E)(9) of Section 42.15 states, "[n]o person shall set up or set down items in, take down items from or block, or attempt to reserve a Designated Space between Sunset and 9:00 a.m."

22.     Answering paragraph 22, Defendant admits that pursuant to subsection (F)(1)(b) of Section 42.15, in the undesignated area on the west side, a person may engage in all the same activities as in Designated Spaces, except vending, and may "set up a display, table, easel, stand, equipment or other furniture . . . subject to reasonable size and height restrictions . . . provided the equipment or activity associated with the equipment does not materially impede or obstruct pedestrian or vehicular traffic or areas designed for emergency ingress or egress."  Except as expressly admitted, Defendant denies generally and specifically each and every other remaining allegation of paragraph 22.

23.     Answering paragraph 23, Defendant admits that subsection (A)(6) of Section 42.15 defines "donation" as "a gift; a voluntary act which is not required and does not require anything in return."  Except as expressly admitted, Defendant denies generally and specifically each and every other remaining allegation of paragraph 23.

24.     Answering paragraph 24, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 24, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein.

25.     Answering paragraph 25, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 25, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus,

no responsive pleading is necessary with regard to any of those allegations contained in paragraph 25.

26.    Answering paragraph 26, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 26, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 26.

27.    Answering paragraph 27, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 27, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein.

28.    Answering paragraph 28, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 28, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein.

29.    Answering paragraph 29, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 29, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein.

30.    Answering paragraph 30, Defendant lacks sufficient information and belief to admit or deny every allegation in paragraph 30, and therefore Defendant generally and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 30.

31.     Answering paragraph 31, Defendant admits that subsection (D)(1) of Section 42.15 states in part that, "To preserve the Boardwalk's rich history of fostering new artists, performance and other free speech activity, the City has divided the available space on the [westside of the] Boardwalk into 205 areas, known as Designated Spaces, where…Persons can engage in traditional expressive speech and petitioning activities, and can Vend the following expressive items: newspapers, leaflets, pamphlets, bumper stickers, patches and/or buttons."  Except as expressly admitted, Defendant denies generally and specifically each and every other remaining allegation of paragraph 31. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 31.

32.     Answering paragraph 32, Defendant admits that subsection (E)(9) of Section 42.15 states, in its entirety, "[n]o person shall set up or set down items in, take down items from or block, or attempt to reserve a Designated Space between Sunset and 9:00 a.m."  Defendant alleges that Subsection (E)(9) of Section 42.15 speaks for itself.  Except as expressly admitted and alleged, Defendant denies generally and specifically each and every other remaining allegation of paragraph 32. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 32.

33.     Answering paragraph 33, Defendant generally and specifically denies each and every material allegation of fact asserted therein.  Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to

Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 33.

34. Answering paragraph 34, Defendant generally and specifically denies each and every material allegation of fact asserted therein. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 34.

35. Answering paragraph 35, Defendant lacks sufficient information and belief to admit or deny the allegation that "Plaintiffs want to continue to table, inform the public, and solicit donations on the Boardwalk after sunset," and therefore Defendant generally and specifically denies that allegation of fact asserted therein. Defendant denies generally and specifically each and every other remaining allegation of paragraph 35.

36. Answering paragraph 36, Defendant lacks sufficient information and belief to admit or deny the allegation that "Plaintiffs are concerned that they will be cited or arrested by the LAPD, as threatened in previous encounters," and therefore Defendant generally and specifically denies that allegation of fact asserted therein. Defendant denies generally and specifically each and every other remaining allegation of paragraph 36. Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 36.

37. The Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus,

no responsive pleading is necessary with regard to any of those allegations contained in paragraph 37.

38. The Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 38.

39. The Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 39.

40. The Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 40.

41. Answering paragraph 41, Defendant generally and specifically denies each and every material allegation of fact asserted therein.

42. Answering paragraph 42, Defendant reincorporates by reference its answers to paragraphs 1-41 of Plaintiff's Complaint.

43. Answering paragraph 43, Defendant lacks sufficient information and belief to admit or deny the allegation that "Plaintiffs advocate for the homeless community, promote policy that challenges the way the Los Angeles Police Department interacts with homeless individuals and communities of color, document civil and human rights violations in Venice, and engage and educate the community about important social issues directly impacting Venice residents, whether housed or unhoused. Passing out flyers and informational pamphlets, displaying signs, gathering signatures on various

1 petitions, collecting donations, discussing these issues with local residents and tourists
2 alike, and organizing protests and demonstrations against police brutality are critical
3 components to their work. This expressive activity epitomizes core political speech,"
4 and therefore Defendant generally and specifically denies that allegation of fact asserted
5 therein. Defendant denies generally and specifically each and every other remaining
6 allegation of paragraph 43. Furthermore, the Court has already ruled that Plaintiffs
7 have failed to state a claim that Section 42.15 prohibits expressive activity or
8 solicitation of donations either on its face or as applied to Plaintiffs. The Court also
9 dismissed Plaintiffs' Bane Act claims. Thus, no responsive pleading is necessary with
10 regard to any of those allegations contained in paragraph 43.

11      44. Answering paragraph 44, Defendant lacks sufficient information and belief
12 to admit or deny the allegation that, "Soliciting donations in conjunction with core
13 expressive activity is a fundamental First Amendment right," and therefore Defendant
14 generally and specifically denies that allegation of fact asserted therein. Defendant
15 denies generally and specifically each and every other remaining allegation of
16 paragraph 44. Furthermore, the Court has already ruled that Plaintiffs have failed to
17 state a claim that Section 42.15 prohibits expressive activity or solicitation of donations
18 either on its face or as applied to Plaintiffs. The Court also dismissed Plaintiffs' Bane
19 Act claims. Thus, no responsive pleading is necessary with regard to any of those
20 allegations contained in paragraph 44.

21      45. Answering paragraph 45, Defendant generally and specifically denies each
22 and every material allegation of fact asserted therein. Furthermore, the Court has
23 already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits
24 expressive activity or solicitation of donations either on its face or as applied to
25 Plaintiffs. The Court also dismissed Plaintiffs' Bane Act claims. Thus, no responsive
26 pleading is necessary with regard to any of those allegations contained in paragraph 45.

27      46. Answering paragraph 46, Defendant reincorporates by reference its
28 answers to paragraphs 1-45 of Plaintiff's Complaint.

47.     Answering paragraph 47, Defendant generally and specifically denies each and every material allegation of fact asserted therein.  Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 47.

48.     Answering paragraph 48, Defendant generally and specifically denies each and every material allegation of fact asserted therein.  Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 48.

49.     Answering paragraph 49, Defendant generally and specifically denies each and every material allegation of fact asserted therein.  Furthermore, the Court has already ruled that Plaintiffs have failed to state a claim that Section 42.15 prohibits expressive activity or solicitation of donations either on its face or as applied to Plaintiffs.  The Court also dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any of those allegations contained in paragraph 49.

50.     The Court dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any allegations contained in paragraph 50.

51.     The Court dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any allegations contained in paragraph 51.

52.     The Court dismissed Plaintiffs' Bane Act claims.  Thus, no responsive pleading is necessary with regard to any allegations contained in paragraph 52.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the claims alleged in Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

53. The claims contained in Plaintiffs' Complaint are barred under California Government Code section 910, et seq., because Plaintiffs failed to comply with the Tort Claims Act.

**SECOND AFFIRMATIVE DEFENSE**

54. Plaintiffs' action is barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

55. Plaintiffs' claims are barred by the statute of limitations, including but not limited to the statute of limitations set forth in California Code of Civil Procedure § 335.1 and 42 U.S.C. § 1983.

**FOURTH AFFIRMATIVE DEFENSE**

56. Subsection (E)(9) of Section 42.15 is a reasonable and content-neutral time, place and manner restriction, which is narrowly tailored to address significant government interests.

**FIFTH AFFIRMATIVE DEFENSE**

57. Plaintiffs are not entitled to monetary damages under the free speech clause to the State of California Constitution, Article 1, Section 2.

**SIXTH AFFIRMATIVE DEFENSE**

58. Plaintiffs are not entitled to monetary damages under California Constitution, Article 1, Section 3.

**SEVENTH AFFIRMATIVE DEFENSE**

59. Plaintiffs cannot show imminent threat or irreparable harm, they are unlikely to prevail on the merits, and the balance of competing interests weighs in Defendant's favor.

**EIGHTH AFFIRMATIVE DEFENSE**

60. Plaintiffs' claims are barred by the doctrine of res judicata (issue and/or claim preclusion) or collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE**

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

61. Subsection (E)(9) of Section 42.15 is necessary to prevent interference with Defendant's interest in protecting the public health, safety, or order or in assuring the efficient and orderly use of streets and parks for their primary purposes.

### TENTH AFFIRMATIVE DEFENSE

62. Plaintiffs lack standing to seek some or all of the relief sought in their Complaint because, among other reasons, they have suffered no justiciable injury.

### ELEVENTH AFFIRMATIVE DEFENSE

63. The action is barred because Defendant may make and enforce within the jurisdictional limits of the City of Los Angeles all local, police, sanitary, and other ordinances and regulations not in conflict with general laws. (Cal. Const., art. XI, § 7.)

### TWELFTH AFFIRMATIVE DEFENSE

64. The Complaint, and each purported cause of action alleged in the Complaint, is barred under various statutory provisions. (Gov. Code, §§ 810-996.6.)

### THIRTEENTH AFFIRMATIVE DEFENSE

65. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

66. Due to the limited amount of space along the western side of the Boardwalk, prior to Defendant's establishing a program for assignment of spaces, there were numerous and frequent violent altercations over the locations and amounts of space that any one person or organization could use, requiring law enforcement Response to preserve the public peace. Persons wishing to secure spaces often arrived at the Boardwalk and its adjoining residential neighborhoods prior to dawn and created loud noises in setting up their displays, thereby disturbing the public peace and requiring law enforcement response. Unregulated, the Boardwalk became a lawless area, where only the strongest and earliest arrivals could secure space to exercise their rights of free expression without the threat of intimidation. Therefore, it is necessary to regulate the use of the limited space on the Boardwalk to prevent breaches of the public

peace and to allocate the limited space available fairly to all who desire to use it for lawful purposes.

### FIFTEENTH AFFIRMATIVE DEFENSE

67. Defendant has a significant interest in regulating the Venice Beach Boardwalk in that (1) unregulated space assignment adversely affects the historic character of the Venice Boardwalk by deterring tourists from visiting and shopping along the Boardwalk, resulting in economic and cultural loss to Defendant; (2) unregulated space assignment impedes the orderly movement of pedestrian traffic and makes the Boardwalk unsafe for pedestrians by limiting Defendant's ability to effect crowd management and control; (3) unregulated space assignment impedes the ingress and egress of emergency and public safety vehicles by creating physical obstacles to emergency response and administration of aid to those in need of immediate medical attention and to victims of crime; (4) unregulated space assignment causes visual clutter and blight; and (5) unregulated space assignment and amplified sound causes unnecessary, excessive and annoying noise that is detrimental to the public health, welfare and safety, and contrary to the public interest in that it harms residents, businesses, and the historic character of the Venice Boardwalk, diminishing the quality of life for those who visit, work or live near the Boardwalk.

///
///

WHEREFORE, Defendant prays as follows:

1. That judgment be rendered in favor of Defendant;

2. That Plaintiffs' Complaint be dismissed with prejudice;

3. That Plaintiffs take nothing by this action;

4. That costs in this action be awarded to Defendant; and

5. That such other and further relief be awarded to Defendant as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant further demand a jury trial on all issues so triable.

Dated: September 23, 2016

        MICHAEL N. FEUER, City Attorney
        THOMAS H. PETERS, Chief Deputy City Attorney

        By: _____/s/_____
        Sara Ugaz, Deputy City Attorney
        Attorneys for Defendant
        CITY OF LOS ANGELES