Carol A. Sobel, SBN 84483
LAW OFFICE OF CAROL A. SOBEL
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
(t)  310 393-3055
(e)  carolsobel@aol.com

John P. Given  SBN 269787
2461 Santa Monica Boulevard, #463
Santa Monica, CA.  90404
(t) 310 471-8485
(e) john@johngiven.com

Attorneys for Plaintiffs

Additional Counsel on Following Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| VENICE JUSTICE COMMITTEE, et al., <br><br> PLAINTIFFS, <br><br> vs. <br> CITY OF LOS ANGELES, et al., <br><br> DEFENDANTS. | CASE NO.: 16-CV-01115-DDP-SS <br><br> JOINT RULE 26(F) REPORT <br><br> DATE: AUGUST 14, 2017 <br> TIME: 10:30 A.M. <br> CTRM: 9C <br><br> HON. DEAN D. PREGERSON |

JOINT RULE 26(F) REPORT

MICHAEL N. FEUER, City Attorney (SBN 111529)
JAMES P. CLARK, Chief Deputy City Attorney (SBN 64780)
THOMAS H. PETERS, Chief Assistant City Attorney (SBN 163388)
SARA UGAZ, Deputy City Attorney (SBN 239031)
200 North Main Street, 6th Floor, Business & Complex Litigation
Los Angeles, California 90012
Tel: (213) 978-7564
Fax: (213) 978-7011
Email: Sara.Ugaz@lacity.org

Attorneys for Defendant
CITY OF LOS ANGELES

JOINT RULE 26(F) REPORT
1

Plaintiffs Venice Justice Committee and Peggy Kennedy ("Plaintiffs") and Defendant City of Los Angeles ("Defendant") having conducted their early meeting of counsel on July 19, 2017, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order Setting Scheduling Conference (Docket No. 26) hereby submit the following Rule 26(f) Report for the Court's consideration.

**1.a.  Statement of the Case**

**1.  Plaintiffs' Statement of the Case:**

This case involves access to a quintessential public forum, the Venice Boardwalk, for core speech and petitioning activities after sunset when the forum is open to all members of the public. Los Angeles Municipal Code § 42.15 restricts all access to the west side of the Boardwalk after sunset for expressive activity. On two separate occasions, Plaintiff Kennedy was informed that she was violating the law when she set up a small table on the west side of the Boardwalk after sunset to engage in petitioning activities concerning the killing of two homeless men on the Boardwalk and the broader treatment of homeless individuals by the City. Kennedy was also told that she could not solicit donations to support her cause.

**2.  Defendant's Statement of the Case:**

Pursuant to the Court's ruling on Defendant's Motion to Dismiss the Complaint (Docket No. 19), Plaintiffs' only remaining claim is their facial challenge to Los Angeles Municipal Code section 42.15, subdivision (E)(9) (the "Sunset Provision"). The Sunset Provision prohibits "set[ting] up or set[ting] down items in, tak[ing] down items from or block[ing], or attempt[ing] to reserve a Designated Space between Sunset and 9:00 a.m."

Defendant contends that Plaintiffs' constitutional challenge to the Sunset Provision is without merit because it is a valid time, place, manner restriction.

**1.b.   Subject Matter Jurisdiction:**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). The Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.Civ.P. 57.

**1.c.   Legal Issues**

**Plaintiffs' contentions:** The key legal issue is whether the "sunset provisions" codified in LAMC 42.15 is a lawful time, place or manner regulation in a traditional public forum consistent with the First Amendment and the analogous provisions of the California Constitution.

**Defendant's contentions:** The sole legal issue remaining in this case is whether or not the sunset provision is a facially valid time, place, manner restriction.

**1.d. Parties and Non-Party Witnesses:**

**Plaintiffs:** The parties for the Plaintiffs are Peggy Lee Kennedy. The non-party witnesses are Justine Schneeweis, Colleen Mullen and Robert Young IV.

**Defendant:** The only defendant is the City of Los Angeles. The non-party witnesses are Robert Davis, Superintendent of Recreation and Parks operations at Venice Beach, Victor Jauregui, Senior Recreation Director at Venice Beach, Brian Cook, LAPD Sergeant for Pacific Division, Peggy Thusing, LAPD Senior Lead Officer for Pacific Division, Theresa Skinner, LAPD Sergeant II of the Beach Detail for Pacific Division, Claudia Martin, Neighborhood Prosecutor for Pacific Division, and Debbie Dyner Harris, District Director for Councilmember Mike Bonin.

**1.e.   Damages:**

Plaintiffs seek only injunctive and declaratory relief.

**1.f.   Insurance**

The City of Los Angeles is self-insured.

**1.g.   Motion Practice**

**Plaintiffs:**  Defendant filed a Motion to Dismiss, which was ruled on by the Court on September 9, 2016.  The Court granted the motion on the claim that the ordinance improperly precluded solicitation of donations, finding that the officers' directives to Plaintiff Kennedy were based on a misunderstanding.  The Court denied the City's motion to dismiss Plaintiffs' claim that the "sunset" provision was not a reasonable time, place or manner regulation.  Plaintiffs initiated the meet and confer process on their intended motion for summary judgment on the remaining claim in the case.

**Defendant:**  As previously stated, the only remaining claim is the Plaintiffs' facial challenge to the sunset provision.  (*See* Docket No. 19.)  Defendant intends to file a Motion for Summary Judgment which will include evidence of the compelling health, safety, and welfare interests promoted by clearing the Boardwalk each evening and of the ample alternative channels for communication available to Plaintiffs post-sunset.

**1.h.   Manual for Complex Litigation:**

The parties do not believe that this action is subject to all or part of the procedures for complex litigation.

**1.i.   Status of Discovery:**

No discovery has begun as of this date.  The parties agree to make initial disclosures no later than two weeks after the Scheduling Conference.

**1.j.   Discovery Plan:**

At present, the parties do not believe orders are needed limiting or expanding discovery beyond what is permitted under the Federal Rules of Civil Procedure. Nor do they foresee any issues arising regarding disclosure, discovery, including electronically stored information, or claims of privilege.

Plaintiffs anticipate propounding written discovery seeking training materials, policies and any other orders issued regarding LAMC 42.15, including any training provided to the Venice Beach Detail in the LAPD. Plaintiffs also anticipate taking the depositions of each of the officers in the Los Angeles Police Department involved in the two interactions with Plaintiff Kennedy at issue in this action.

Defendant anticipates propounding written discovery and taking the deposition of Plaintiffs regarding the allegations in their Complaint.

**1.k.  Discovery Cut-off:**

The parties propose a non-expert discovery cut-off of December 22, 2017.

**1.l.  Expert Discovery:**

The parties propose January 30, 2018 as the date for initial expert disclosures, February 27, 2018 for expert rebuttal disclosures, and a cut-off date of March 2, 2018 for expert discovery, including for motions to be heard.

**1.m.  Dispositive Motions:**

Although the parties have not yet engaged in discovery, both parties anticipate possibly bringing a motion for summary judgment or adjudication.

**1.n.  Settlement:**

The parties have had some initial discussions regarding settlement. Plaintiffs have provided a summary of their fees and costs to date and the parties have proposed specific language regarding changes to the ordinance.

The parties agree to ADR option number 1, a settlement conference with the magistrate judge assigned to the case.

**1.o.  Trial Estimate:**

Because there are no damages sought and legal issues predominate, this would be a bench trial. The parties estimate it would be no longer than two days.

**1.p.  Trial Counsel:**

Carol Sobel will be lead trial counsel for the plaintiffs. Sara Ugaz will represent the Defendant. It is likely that other members of the Plaintiffs' litigation team and the Los Angeles City Attorney's Office will also be involved as trial counsel.

**1.q.   Independent Expert or Master:**

The appointment of a master under Rule 33 or independent expert is not necessary.

**1.r.   Timetable**

The parties propose a trial date of April 17, 2018 and a final Pre-Trial Conference on April 2, 2018.  The parties have attached a proposed list of all scheduling dates.

**1.s.   Other issues:**

The parties are presently unaware of any other issues affecting the prosecution of this case.

Dated: July 31, 2017                    Respectfully submitted,

                                        Law Office of Carol A. Sobel

                                        /s/ Carol A. Sobel
                                        By: CAROL A. SOBEL
                                        Attorneys for Plaintiffs

Dated: July 31, 2017                    Michael N. Feuer, City Attorney
                                        Thomas Peters, Chief Asst. City Attorney
                                        Sara Ugaz, Deputy City Attorney

                                          /s   Sara Ugaz
                                        By: SARA UGAZ
                                        Attorneys for Defendants